**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

JUL 3 0 2015

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**CLAYTON LILES, PERRY CASEY and
GREGORY HALLEY, Each Individually and on
Behalf of All Others Similarly Situated**               **PLAINTIFFS**

vs.                         Case No. 4:15-cv-4̶6̶9̶ - DPM

**ROCK FARMS OF ARKANSAS, LLC, and**          **DEFENDANT**
**ROCKY HARRELL, Individually and d/b/a**     This case assigned to District Judge _Marshall_
**ROCK FARMS OF ARKANSAS**                    and to Magistrate Judge _Kearney_

## ORIGINAL COMPLAINT—CLASS ACTION

COME NOW Plaintiffs Clayton Liles, Perry Casey and Gregory Halley, each individually and on behalf of all others similarly situated (collectively referred to as a unified "Plaintiff" where appropriate), by and through their counsel of the Sanford Law Firm, PLLC, and for their Original Complaint—Class Action against Defendant Rock Farms of Arkansas, LLC, and Rocky Harrell, each individually and d/b/a Rock Farms of Arkansas (collectively referred to herein as "Defendant"), do hereby state and allege as follows:

I.

## JURISDICTION AND VENUE

1.     Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated

damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated overtime compensation for all hours that Plaintiff and all others similarly situated worked in excess of forty (40) per workweek.

2.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.      Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

4.      Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.      Defendant conducts business within the State of Arkansas, operating a dump truck business in Faulkner County, Arkansas.

6.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

7.      Plaintiff were each employed by Defendant at its facility located in the Eastern District of Arkansas; the acts alleged in this Complaint had their principal effect within the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.

## THE PARTIES

8.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

9.      Plaintiff Liles is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

10.     Plaintiff Liles is a current employee of Defendant.

11.     At all times relevant to the allegations in this Complaint, Plaintiff Liles was a piece-rate employee at Defendant's dump truck business in Faulkner County, Arkansas.

12.     Plaintiff Casey is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

13.     Plaintiff Casey is a former employee of Defendant.

14.     At all times relevant to the allegations in this Complaint, Plaintiff Casey was a piece-rate employee at Defendant's dump truck business in Faulkner County, Arkansas.

15.     Plaintiff Halley is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

16.     Plaintiff Halley is a former employee of Defendant.

17.     At all times relevant to the allegations in this Complaint, Plaintiff Halley was a piece-rate employee at Defendant's dump truck business in Faulkner County, Arkansas.

18.     At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

19.     At all times material herein, Plaintiff and those similarly situated have been classified by Defendant as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, A.C.A. § 11-4-211.

20.     Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

21.     Defendant Rock Farms of Arkansas, LLC, is an Arkansas limited liability company which operates a dump truck business.

22.     Defendant is a domestic LLC whose registered agent for service of process for the state of Arkansas is Rocky Harrell, located at 23 Starlite, Mayflower, Arkansas 72106.

23.     Rocky Harrell is the owner and managing member of the LLC, and he has had, at all relevant times, operational control of the LLC.

24.     Mr. Harrell is an individual citizen of the state of Arkansas and a resident of Faulkner County.

25.     Defendant employs more than ten (10) piece-rate employees at its Faulkner County business.

26.     Defendant has employees that handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce.

27.     Defendant's annual gross volume of sales is not less than $500,000.00.

### III.

### FACTUAL ALLEGATIONS

28.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

29.     Defendant hired Plaintiff as employees who acted as local dump truck drivers.

30.     Plaintiff remained dump truck drivers throughout their employment with Defendant.

31.     Plaintiff worked for Defendant within the past three (3) years.

32.     During the employment relationship, Defendant paid Plaintiff by piece-rate.

33.     Plaintiff almost always worked in excess of forty (40) hours per week.

34.     Defendant schedules Plaintiff and others similarly situated to work more than 40 hours per week.

35.     During the time that Defendant paid Plaintiff on a piece-rate basis, Defendant did not ever pay Plaintiff one and one-half times Plaintiff's regular rate.

36.     In other words, during the time that Defendant paid Plaintiff on a piece-rate basis, Defendant paid Plaintiff no more than his regular piece-rate, even when Plaintiff worked more than forty (40) hours per week.

IV.

## REPRESENTATIVE ACTION ALLEGATIONS

### A.   FLSA § 216(b) Class

37.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

38.    Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated piece-rate employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.    Minimum wages for the first forty (40) hours worked each week;

B.    Overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week; and

C.    Liquidated damages, attorney's fees, and costs.

39.    In conformity with the requirements of FLSA Section 16(b), each Plaintiff has attached hereto as Exhibit "A" a written Consent to Join this lawsuit.

40.    The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Class Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

41.    The proposed class of opt-in plaintiffs in this case is defined as all persons who meet the following requirements:

A.      Were or are (hereinafter "were") employed by Defendant as piece-rate employees working for Rock Farms of Arkansas, LLC;

C.      Were paid only on a piece-rate basis at a flat rate, even when working in excess of forty (40) hours a week; and

D.      Were not paid for times when their vehicles were inoperable, but were required to remain on-duty.

32.     The proposed FLSA class members are similarly situated in that they share at least these traits:

A.      They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B.      They worked at the same geographic location;

C.      They were subject to Defendant's common policy of piece-rate employees a base commission percentage, even when those employees worked in excess of forty (40) hours a week; and

E.      They were subject to Defendant's common policy of denying pay to employees with inoperable vehicles, even though those employees were required to remain on-duty.

33.     Plaintiff is unable to state the exact number of the class but believes that the class exceeds twenty (20) persons.

34.     Defendant can readily identify the members of the Section 16(b) class, which encompasses all current and former piece-rate dump truck drivers at Rock Farms of Arkansas within the relevant time period.

35.    The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## B.    **AMWA Rule 23 Class**

36.    Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

37.    Plaintiff proposes to represent a class of individuals defined as all persons who:

A.    Were employed by Defendant as piece-rate employees by Defendant;

B.    Were paid only on a commission basis, even when working in excess of forty (40) hours a week; and

C.    Were not paid for times when their vehicles were inoperable, but were required to remain on-duty.

38.    The class encompasses all current and former piece-rate local dump truck drivers employed by Defendant in the past three (3) years.

39.    The proposed class is so numerous that joinder of all members is impracticable.

40.    Common questions of law and fact relate to all of the proposed class members, such as these:

A.    Whether Defendant maintained accurate records of hours worked by members of the proposed class as required by the AMWA; and

B.    Whether Defendant's common practice of not paying the members of the proposed class one and one-half times their regular wages for hours worked over forty (40) in each week is in accordance with the AMWA.

C.    Whether Defendant's common practice of not paying its employees while their vehicles were inoperable, but requiring them to stay on-duty, was lawful.

41.    The above common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

42.    The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.  To that end, all non-exempted employees must be paid for time worked over forty (40) hours per

week at a rate of one and one-half times their regular rate. Ark. Code Ann. § 11-4-211.

43. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

44. Concentrating the litigation in this forum is highly desirable because Plaintiff and all proposed class members work or worked at the same location within the Eastern District of Arkansas.

45. No difficulties are likely to be encountered in the management of this class action.

46. The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff and all others in the proposed class will claim that they were not paid for all hours worked in violation of the AMWA.

47. Plaintiff and his counsel will fairly and adequately protect the interests of the class.

48. Plaintiff's counsel are competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

49. Plaintiff has consented in writing to the association of additional counsel.

50. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with

respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## V.

## FIRST CAUSE OF ACTION

### (Individual Claim for Violation of the FLSA)

51.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

52.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

53.     At all relevant times, Defendant has been, and continues to be, Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

54.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

55.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

56.     Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

57.     Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

58.     Defendant's failure to pay Plaintiff all overtime wages owed was willful.

59.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### VI.

## SECOND CAUSE OF ACTION

### (Individual Claim for Violation of the AMWA)

60.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

61.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

62.     At all relevant times, Defendant has been, and continues to be, Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

63.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over

forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

64.    Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA and the AMWA.

65.    Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

66.    Defendant willfully failed to pay overtime wages to Plaintiff and the members of the proposed class.

67.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

## VII.

## THIRD CAUSE OF ACTION

## (Individual Claim for Punitive Damages)

68.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

69.    Arkansas Code Annotated § 16-55-206 states that a plaintiff may be awarded punitive damages if the plaintiff shows that the "defendant knew or ought to have known, in light of the surrounding circumstances, that his or her

conduct would naturally and probably result in injury or damage and that he or she continued the conduct with malice or in reckless disregard of the consequences."

70.     Defendant knew or should have known of its obligations under the AMWA to pay non-exempt employees one and one-half times their regular rate for all hours worked over forty per week.

71.     Defendant knew or should have known that its failure to compensate Plaintiff and members of the proposed class for all hours worked would naturally result in damage to Plaintiff and members of the proposed class in the form of unpaid wages, yet continued its course of conduct with reckless disregard for the consequences to Plaintiff and members of the proposed class.

72.     Defendant is liable to Plaintiff and members of the proposed class for punitive damages in accordance with the Arkansas Civil Justice Reform Act, Ark. Code Ann. § 16-55-206, for Defendant's knowing and unlawful failure to pay overtime wages.

## VIII.

## FOURTH CAUSE OF ACTION

### (Collective Action Claim for Violation of the FLSA)

73.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

74.     Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

75.     At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

76.     Defendant classified Plaintiff and all others similarly situated as non-exempt from the overtime requirements of the FLSA.

77.     Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

78.     Defendant willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

79.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## IX.

## FIFTH CAUSE OF ACTION

## (Class Action Claim for Violation of the AMWA)

80.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

81.     Plaintiff, individually and on behalf of the members of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

82.     At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

83.     Defendant classified Plaintiff and the members of the proposed class as non-exempt from the overtime requirements of the FLSA and the AMWA.

84.     Despite the entitlement of Plaintiff and the members of the proposed class to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff and the members of the proposed class an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

85.     Defendant willfully failed to pay overtime wages to Plaintiff and the members of the proposed class.

86.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all members of the proposed class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## X.

## SIXTH CAUSE OF ACTION

### (Class Action Claim for Punitive Damages)

87.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

88.     Arkansas Code Annotated § 16-55-206 states that a plaintiff may be awarded punitive damages if the plaintiff shows that the "defendant knew or ought to have known, in light of the surrounding circumstances, that his or her conduct would naturally and probably result in injury or damage and that he or she continued the conduct with malice or in reckless disregard of the consequences."

89.     Defendant knew or should have known of its obligations under the AMWA to pay non-exempt employees one and one-half times their regular rate for all hours worked over forty per week.

90.     Defendant knew or should have known that its failure to compensate Plaintiff and members of the proposed class for all hours worked would naturally result in damage to Plaintiff and members of the proposed class in the form of unpaid wages, yet continued its course of conduct with reckless disregard for the consequences to Plaintiff and members of the proposed class.

91.     Defendant is liable to Plaintiff and members of the proposed class for punitive damages in accordance with the Arkansas Civil Justice Reform Act, Ark. Code Ann. § 16-55-206, for Defendant's knowing and unlawful failure to pay overtime wages.

## XI.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Clayton Liles, Perry Casey and Gregory Halley, each individually and on behalf others similarly situated and members of the proposed Section 216 and Rule 23 classes, respectfully pray as follows:

A.     That Defendant Rock Farms of Arkansas, LLC, be summoned to appear and answer this Complaint;

B.     That Defendant Rocky Harrell be summoned to appear and answer this Complaint;

C.     For orders regarding certification of and notice to the proposed collective and class members;

D.     For an order of this Honorable Court entering judgment in Plaintiffs' favor against Defendant for their actual economic damages in an amount to be determined at trial;

E.     For liquidated damages as provided for under the FLSA and the AMWA;

F.     For punitive damages in an amount to be determined at trial;

G.     For their attorneys' fees, costs, and pre-judgment interest; and

H.     For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**CLAYTON LILES, PERRY CASEY and
GREGORY HALLEY, Each Individually
and on Behalf of All Others Similarly
Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: _____
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

and: _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

PERRY CASEY, et al.,                                               **PLAINTIFFS**
Individually and on behalf of
All Others Similarly Situated

vs.

ROCK FARMS, LLC, et al.                                           **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed by Rock Farms, LLC, on or after July 15, 2012. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid compensation. As a present or former employee of Rock Farms, LLC, I consent to becoming a party plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

GREGORY HALLEY

Date: July 16, 2015

Josh Sanford, Esq.
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**PERRY CASEY,**                                                    **PLAINTIFFS**
**Individually and on behalf of**
**All Others Similarly Situated**


vs.


**ROCK FARMS, LLC, et al.**                                        **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed by Rock Farms, LLC, on or after July 15, 2012.  I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid compensation. As a present or former employee of Rock Farms, LLC, I consent to becoming a party plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

_____
**PERRY CASEY**

Date: July 15, 2015


**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**PERRY CASEY,**                                                          **PLAINTIFFS**
**Individually and on behalf of**
**All Others Similarly Situated**


vs.


**ROCK FARMS, LLC, et al.**                                              **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed by Rock Farms, LLC, on or after July 15, 2012. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid compensation. As a present or former employee of Rock Farms, LLC, I consent to becoming a party plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

CLAYTON LILES


Date: July 15, 2015


**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**