IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CLAYTON LILES; PERRY CASEY; and
GREGORY HALLEY, all individually and
on behalf of others similarly situated                              PLAINTIFFS

v.                          No. 4:15-cv-469-DPM

ROCK FARMS OF ARKANSAS LLC; and ROCKY
HARRELL, individually and d/b/a Rock Farms
of Arkansas                                                         DEFENDANTS

ORDER

Liles, Casey, and Halley drove dump trucks for Rock Farms, an Arkansas limited liability company. They hauled mostly sand and gravel from quarries to Rock Farm's customers. Rocky Harrell ran the show—he organized, owned, and managed this business. The former drivers contend they weren't paid minimum wage or overtime. Rock Farms paid them 25% on each delivered load. The case began as a possible collective action for all similarly situated drivers, but the deadline to pursue that possibility has passed, № 7 at 2, and the Court dismisses the group claims without prejudice. These three former drivers seek partial summary judgment: Were they employees or independent contractors for purposes of the wage laws? Apart from their relationship with this company, did Harrell, individually, employ

them too? Are they entitled to double damages? In the few instances where there is some dispute in the material facts, the Court has considered things most favorably to Rock Farms and Harrell. *Grage v. Northern States Power Co. – Minnesota*, 813 F.3d 1051, 1054 (8th Cir. 2015).

For purposes of the Fair Labor Standards Act and the Arkansas Minimum Wage Act, these former drivers were employees. It's true that each driver had his own CDL license and that the number of loads hauled varied among the drivers. But Harrell, on behalf of Rock Farms, controlled every other important part of the work. He hired the drivers and explained the terms of their work. He got the customers and negotiated the price per load with each customer. This price setting determined drivers' pay. A driver could take time off or a vacation with prior notice to Harrell. When the drivers worked, which seems to have been most of the time, he told them when and where to haul loads. He told them what quarries to get the sand and gravel from. Rock Farms paid for the material. The company owned and maintained the dump trucks. Harrell paid the insurance on the trucks himself. Rock Farms issued 1099s to drivers; but, at some point after an

audit, the company started making unemployment payments to the Arkansas Department of Workforce Services.

Harrell was fuzzy on deposition about whether these drivers were independent contractors or employees for wage-law purposes. He's not a lawyer, of course, and it is a famously murky issue anyway. *Thornton v. Mainline Communications, LLC*, ___ F. Supp. 3d ___, 2016 WL 228897 at *3 (E.D. Mo. 19 January 2016). It is clear, though, that, while the drivers could do other work, as Harrell said, "if they're in my truck, they work for me." № 8-1 at 48. Each of the drivers testified that he didn't do much of anything for anyone else while he was working as a Rock Farms driver. And these were relatively permanent positions. On this record, a jury could come out only one way on the economic realities of this relationship: these drivers were employees for wage-law purposes. *Blair v. Wills*, 420 F.3d 823, 829 (8th Cir. 2005); *Thornton*, ___ F. Supp. 3d at ___, 2016 WL 228897 at *5.

So Rock Farms of Arkansas employed these former drivers, and the next question is whether Harrell did too. At first glance, "no" seems like the right answer. All corporate formalities were observed — Harrell registered his LLC when he created it, and the entity was in good standing. Except for the

insurance, the paperwork was Rock Farms all the way. But Harrell was the one handling everything for his business: hiring and firing folks, getting customers, arranging the drivers' deliveries to those customers, and signing paychecks. If someone acts "directly or indirectly in the interest of an employer in relation to an employee . . .[,]" then the actor is an employer for FLSA purposes. 29 U.S.C. § 203(d). Arkansas law echoes this rule. ARK. CODE ANN. § 11-4-203(4)(A). Unlike the fellow who owned corporate stock and periodically visited the ice plant in *Wirtz v. Pure Ice Company*, 322 F.2d 259, 262–63 (8th Cir. 1963), Harrell ran this hauling business day to day. He acted directly and indirectly in Rock Farms LLC's interest with these former drivers. Harrell was, for purposes of federal and state wage laws, the drivers' employer too.

Rock Farms and Harrell are right, however, on liquidated damages. Whether he and the company failed to pay minimum wages or overtime or both remain disputed fact questions. Contrary to the former drivers' argument on reply, these issues were not adequately ventilated in their motion and initial supporting papers. It's therefore too soon to address liquidated damages, which must stand on actual damages.

\* \* \*

Motion, № 8, granted in part and denied in part. An Amended Final Scheduling Order with pretrial deadlines will issue. If the parties don't resolve their remaining disagreements, we're going to trial.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

17 June 2016